**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 06-cv-01070-REB

EDWARD C. LAWRENCE,

      Plaintiff,

v.

LINDA S. McMAHON,[1] Acting Commissioner of Social Security,

      Defendant.

---

**ORDER AFFIRMING COMMISSIONER**

---

**Blackburn, J.**

    The matter before me is plaintiff's **Complaint** [#3], filed November 17, 2005,

seeking review of the Commissioner's decision denying plaintiff's claim for disability

insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.*  I

have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g).

The matter has been fully briefed, obviating the need for oral argument.  I affirm.[2]

**I.  FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that he is disabled as a result of asthma and hearing loss.  After

---

[1]  Linda S. McMahon became the Acting Commissioner of Social Security on January 20, 2007, and thus her name is substituted for that of Jo Anne B. Barnhart as the defendant in this suit. **FED.R.CIV.P.** 25(d)(1).  By virtue of the last sentence of 42 U.S.C. § 405(g), no further action need to taken to continue this lawsuit.

[2]  Although the parties have indicated their consent to the jurisdiction of a United States Magistrate Judge (**see** Joint Case Management Plan for Social Security Cases at 3, ¶ 10 [#6], filed August 2, 2006), they have not completed the appropriate documentation to effectuate that consent.  Regardless of the parties' consent, the decision to reassign a case to a magistrate judge remains within my discretion. **D.C.COLO.LCivR** 72.2D.  Given the parties' failure to formalize their consent, and the fact that I am able to reach the merits of their dispute expeditiously, I decline to exercise my discretion in that regard.

his application for disability insurance benefits was denied, plaintiff requested a hearing before an administrative law judge.  This hearing was held on August 17, 2005.  At the time of the hearing, plaintiff was 57 years old.  He has a college education and has past relevant work experience as an accountant.  He has not engaged in substantial gainful activity since January 3, 2004.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Although the medical evidence established that plaintiff suffered from severe impairments, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  The ALJ found that plaintiff had the residual functional capacity to perform indoor office work requiring no acute hearing and involving no more than minimal dust, smoke, and fumes.  Given these limitations, plaintiff was found able to return to his past relevant work as an accountant.  The ALJ therefore found plaintiff not disabled at step four of the sequential evaluation.  Plaintiff appealed that decision to the Appeals Council, submitting new evidence in further support of his claim.  The Council affirmed. Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if her physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  ***Campbell v. Bowen***, 822 F.2d

2

1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).   However, the mere

existence of a severe impairment or combination of impairments does not require a

finding that an individual is disabled within the meaning of the Social Security Act.   To

be disabling, the claimant's condition must be so functionally limiting as to preclude any

substantial gainful activity for at least twelve consecutive months.   *See Kelley v.*

*Chater,* 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for

determining whether a claimant is disabled:

1.    The ALJ must first ascertain whether the claimant is
      engaged in substantial gainful activity. A claimant who is
      working is not disabled regardless of the medical findings.

2.    The ALJ  must then determine whether the claimed
      impairment is "severe."  A "severe impairment" must
      significantly limit the claimant's physical or mental ability to
      do basic work activities.

3.    The ALJ must then determine if the impairment meets or
      equals in severity certain impairments described in Appendix
      1 of the regulations.

4.    If the claimant's impairment does not meet or equal a listed
      impairment, the ALJ must determine whether the claimant
      can perform his past work despite any limitations.

5.    If the claimant does not have the residual functional capacity
      to perform his past work, the ALJ must decide whether the
      claimant can perform any other gainful and substantial work
      in the economy.  This determination is made on the basis of
      the claimant's age, education, work experience, and residual
      functional capacity.

20 C.F.R. § 404.1520(b)-(f).   *See also Williams v. Bowen* 844 F.2d 748, 750-52 (10th

Cir. 1988).  The claimant has the initial burden of establishing a disability in the first four

steps of this analysis.   *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294

n.5, 96 L.Ed.2d 119 (1987).  The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy.  *Id.*  A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis.  *Casias v. Secretary of Health & Human Services*, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence.  *Hamilton v. Secretary of Health and Human Services*, 961 F.2d 1495, 1497-98 (10th Cir. 1992); *Brown v. Sullivan*, 912 F.2d 1194, 1196 (10th Cir. 1990).  Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion.  *Brown*, 912 F.2d at 1196.  It requires more than a scintilla but less than a preponderance of the evidence.  *Hedstrom v. Sullivan*, 783 F.Supp. 553, 556 (D. Colo. 1992).  "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion."  *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence."  *Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993).  Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner.  *Id.*

## III.  LEGAL ANALYSIS

Plaintiff claims the ALJ improperly discounting the opinions of his treating physicians, which he claims support a finding of disability either at step three or step

4

five of the sequential evaluation process.  Plaintiff also maintains that the ALJ erred by discrediting his testimony regarding his functional limitations.

Plaintiff contends that the opinion of his treating physicians, Dr. William Storms and Dr. J. Christopher Pruitt, support a finding of disability.  Dr. Storms noted that plaintiff had been treated bi-monthly for chronic recurrent asthma, sinusitis, and bronchitis since 1976 and opined that "he is totally disabled."  (Tr. at 210-215.)  He also completed a form questionnaire stating that plaintiff met the requirements of presumptive disability under listing 3.03(A) & (B).  (*Id.* at 302-305.)  Dr. Pruitt stated that plaintiff's recurrent episodes of sinusitis "tend to exacerbate his difficulties with asthma" and stated that plaintiff "should be considered for a disability regarding his asthma and sinus problems."  (*Id*. at 306.)

The opinion of a treating source is entitled to controlling weight when it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the case record."  20 C.F.R. § 404.1527(d)(2); *see also Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003).  A treating source opinion cannot be rejected absent good cause for specific and legitimate reasons clearly articulated in the hearing decision.  *Watkins*, 350 F.3d at 1301.  Good cause may be found where the treating source's opinion is brief, conclusory, or unsupported by the medical evidence.  *Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987).

In this case, the ALJ explicitly and carefully considered Dr. Storms's opinion that plaintiff's asthma met the requirements of listing 3.03, but found that opinion

inconsistent with the medical evidence of record.[3]  This conclusion is supported by

substantial evidence.  Under listing 3.03, asthma is presumptively disabling when it

occurs in conjunction with:

> A. Chronic asthmatic bronchitis. Evaluate under the criteria
> for chronic obstructive pulmonary disease in 3.02A;
>
> Or
>
> B. Attacks (as defined in 3.00C), in spite of prescribed
> treatment and requiring physician intervention, occurring at
> least once every 2 months or at least six times a year. Each
> in-patient hospitalization for longer than 24 hours for control
> of asthma counts as two attacks, and an evaluation period of
> at least 12 consecutive months must be used to determine
> the frequency of attacks.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.03.  In order to be considered presumptively

disabled under section 3.03(A), the claimant must have an FEV1 equal to or less than

certain values specified in the listings.  *See id*., § 3.02(A).  For a person of plaintiff's

height, five feet ten inches (*see* Tr. at 49), that value is 1.55, *see* 20 C.F.R. Pt. 404,

Subpt. P, App. 1, § 3.02(A) (Table 1).  Plaintiff points to no evidence, and my review of

the record reveals none, to contradict the ALJ's conclusion that this benchmark was not

met in this case.  (Tr. at 17-18.)  Indeed, a report from Dr. Storms's office shows that

plaintiff's FEV1 never came close to this value at any time from September, 2003,

through April, 2005.  (*See id*. at 296.)  With respect to section 3.03(B), an "attack"

sufficient to invoke the listing is "defined as prolonged symptomatic episode[] lasting

one or more days and requiring intensive treatment, such as intravenous bronchodilator

---

[3]  The ALJ also considered whether plaintiff's hearing loss met the requirements of the listings, but found that they did not.  (Tr. at 17.)  Plaintiff does not challenge that ruling on appeal.

or antibiotic administration or prolonged inhalational bronchodilator therapy in a hospital, emergency room or equivalent setting." 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 3.00C. Again, the record supports the ALJ's conclusion that such intensive treatment has not been required to treat plaintiff's asthma.[4]

Plaintiff also argues that the ALJ failed to give adequate deference to the Dr. Storms's opinion that plaintiff's condition would cause him to be absent from work more than four days per month, which he contends would render him disabled pursuant to the vocational expert's testimony. (*See* Tr. at 214, 345.) Treating source opinions are not afforded any special significance or controlling weight in the determination of issues reserved to the Commissioner, such as residual functional capacity. *See* 20 C.F.R. § 404.1527(e); *Sosa v. Barnhart*, 2003 WL 21436102 at *5 (D. Kan. April 10, 2003), *adopted*, 2003 WL 21428384 (D. Kan. Jun. 17, 2003). Nevertheless, "[t]he RFC assessment must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." **Social Security Ruling 96-8p**, 1996 WL 374184 at *7 (SSA July 2, 1996).

The ALJ adequately satisfied that duty here, finding that Dr. Storms's assessment was inconsistent with the evidence, including plaintiff's own reports of his

---

[4] Plaintiff also argues that he was entitled to a finding of medical equivalence based on the combination of his impairments, but does not explain how the medical evidence supports that conclusion. The court is neither inclined nor required to address such inadequately developed arguments. *See Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 679 (10th Cir. 1998).

functional abilities.[5]  He also noted that Dr. Storms's report showed that plaintiff had

suffered from the same allegedly disabling symptoms for nearly 30 years, a period

which encompassed his entire professional career.  (Tr. at 19.)  *See* 20 C.F.R. §

404.1520(b) (if claimant is working and that work is substantial gainful activity, claimant

is not disabled regardless of medical condition, age, education, or work experience).

Finally, the ALJ appropriately assigned no weight to Dr. Storms's and Dr. Pruitt's

conclusions that plaintiff was "disabled."  *See* 20 C.F.R. § 404.1527(e)(1)

(determination of whether claimant is disabled is an administrative finding reserved to

the Commissioner).[6]

    Nor can I fault the ALJ's determination with respect to plaintiff's credibility.

"[C]redibility determinations 'are peculiarly the province of the finder of fact,' and should

not be upset if supported by substantial evidence."  *White v. Barnhart*, 287 F.3d 903,

909 (10th Cir. 2001) (quoting *Kepler v. Chater*, 68 F.3d 387, 390-91 (10th Cir. 1995)).

The ALJ gave specific, detailed, and legitimate reasons tied to evidence in the record

for his conclusion regarding the credibility of plaintiff's subjective complaints of

functional limitation.  More specifically, he noted that plaintiff's claim of disability

---

[5]  Plaintiff further suggests that the ALJ was required to recontact Dr. Storms to clarify the bases of his opinions.  Not only is this argument inadequately developed, *see Adler*, 144 F.3d at 679, it is incorrect in any event.  The ALJ did not find Dr. Storms's evidence inadequat; he merely concluded that it was inconsistent with the other record evidence.  *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2001) ("[I]t is not the rejection of the treating physician's opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the 'evidence' the ALJ 'receive[s] from [the claimant's] treating physician' that triggers the duty.") (citation omitted).

[6]  Nor would the evidence that plaintiff submitted to the Appeals Council have changed the result. (*See* Tr. at 308-309.)  This alternative vocational expert's report does no more than reinterpret the evidence already before the ALJ.  The evidence therefore is not material, and no error occurred in rejecting it.  *See Chambers v. Barnhart*, 389 F.3d 1139, 1142 (10th Cir. 2004); *O'Dell v. Shalala*, 44 F.3d 855, 859 (10th Cir. 1994).

impairment was belied by his activities of daily living, his long work history despite the chronic and life-long nature of his impairments, and the fact that medication had been relatively effective in controlling his symptoms.  (***See*** Tr. at 20-21.)  Reversal therefore is not warranted.

**THEREFORE IT IS ORDERED** that the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not disabled is **AFFIRMED**.

Dated February 7, 2007, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**